Judge Owsley
delivered the opinion of the court.*
On the 22d of December, 1810, Liliard sold to Youngs tract of land, and gave his bond to convey the same with genera] warranty, in consideration whereof, Young executed his obligation to Liliard for 400 dollars, payable in whiskey, on or before the first day of March ensuing.— Young having failed to pay the whiskey, Liliard commenced suit upon the obligation therefor, and recovered judgment. To stay proceeding upon which, Young filed his bill, alledging that since the purchase from Liliard, he had discovered that there were two entries in the name of John A. Hamlin, which covered the whole of the tract which he purchased of Liliard, copies of which he exhibits; that the owner of said entries had threatened to bring suit against him for the land; and that he feared the title derived under said entries, was superior to that of Liliard. He prays that Liliard may exhibit his title papers, and that he may be enjoined from proceeding upon the judgment, until the right shall be investigated, and for general relief.
Liliard, in his answer, alledges, that be claims under an entry in the name of Robert Thomas, and exhibits his title papers, shewing a regular deduction of title from the pa-tentee. He insists that the entry is prior in date, and superior in equity, to that in the name of Hamlin, and tenders a deed, which he had always been ready todeliyer to *482 Young, upon his paying the purchase money; and he aij ledges that t>e had offered to cancel the contract, and was «till willing to do so, if Young would pay the costs which had been incurred since he made the offer.
A purchaser though with wü'rnot be. compeUect to r^fveatl¡!e purchase mtT-ney, if an parenüy va-íl?. asserted: vd Marlow vs Wm1™’ ¾»
If there is ciaimpurcha-sed will pre f'll the payment of tlic' pur-ehase money Ini. Cyll.iiAv1.
By an amended bill, Young alledged, that since "filing the original bill, Levi Hollinsworth, who is the owner of the claim in the name of John A. Hamlin, had commenced suit, in virtue of said claim, against him in the circuit court of the United States for the district of Kentucky, and that he greatly fears that the said claim will take the whole of the land purchased bv him of Lillard.
The amended bill was taken for confessed, and, on a final hearing of the cause, the circuit court, by their decree, dissolved the injunction and dismissed the bill, from which decree Young has appealed to this court,
have no doubt that Young ought not, under the cir-eumstances of this case, to be compelled to pay the purchase money, and receive a deed from Lillard. It appears fr°m t-16 evidence in the cause, that the entries in the name Harnhn are valid, and that the surveys made in confor-thereto, includes the land sold by Lillard to Young, ]f js true, that the entry under which Lillard claims, is pri-crto those in the name of Hamlin; but there is no evidence m the cause to establish the objects upon which it depends, or to shew that it has been surveyed in conformity to its location. On this state of facts, it is clear, as there has been assertion of right in a court of justice, under Hamlin’s claim, that Young cannot, consistent witlx»the principles of equity, be compelled to pay the purchase money, and receive a deed from Lillard; and as this is the effect of the decree of the circuit court, it is, consequently, errroneous, and must be reversed.
Rut what decree that court should be directed to enter UP between the parties, is a matter of more doubt The only alternatives which present themselves, is either to can-cc‘ the contract immediately, orto await the final determi-nal*on oi" ^le SUR *n the circuit court of the United States, and then to decree a cancelment of the contract or its specific execution, as may be required by the event of that stilt. The latter alternative, however, we apprehend, is <!♦•»»• i _ 1 , • inadmissible, not only on account of the indefinite period to which the final decree'must be suspended, but because there is nothing in this suit which can create the sligktest probability that the decree, if thus suspended, would be *483 different from what it ought to be, if now rendered. It follows, therefore, that the former alternative must beadopted.
Daviess for appellant, B. Hardin contra.
The decree must be reversed with costs, and the cause remanded, that a decree may be entered cancelling the contract, and that such other and further orders aud decrees maybe made ás may be agreeable to equity and not inconsistent with this

Absent, Judge Rowan.